**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karla Gomez-Silva,<br><br>    Plaintiff,<br><br>vs.<br><br>Jackson National Life Insurance Company, a foreign corporation,<br><br>    Defendants. | No. CV09-2120 PHX DGC<br><br>**ORDER** |

Third-Party Defendant Angelica Ortiz has filed a motion to set aside the default entered by the Clerk on June 15, 2010. Docs. 32, 36. Plaintiff has filed a response. Doc. 37. Ortiz has filed no reply. For the reasons that follow, the Court will deny the motion.

**I.     Setting Aside Default Under Rule 55(c).**

The Court may set aside the entry of default if good cause is shown. FED. R. CIV. P. 55(c). In determining whether good cause has been shown, the Court considers (1) whether there was culpable conduct on the part of the defendant; (2) whether any meritorious defenses are available, and (3) whether there is any prejudice to the plaintiff. *See TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). "[T]he party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." *Id.*

    **A.     Culpable Conduct.**

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Id.* at 697. "If a defendant 'has

1  received . . . notice of the filing of the action and failed to answer,' its conduct is culpable."
2  *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th
3  Cir. 2004) (citing *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d
4  685, 690 (9th Cir. 1988)).

### B. Meritorious Defenses.

To establish that a meritorious defense exists, a defendant must allege specific facts that would constitute a defense. *Id.* at 700. The Court need not conclude that the defendant will prevail on the alleged defense to determine that this factor weighs in favor of setting aside default. *See Apache Nitrogen Products, Inc. v. Harbor Insurance Co.*, 145 F.D.R. 674, 682 (D. Ariz. 1993). The Court need only find that after a trial on the merits, the alleged defense may cause a different result than default. *Id.*

### C. Prejudice.

Prejudice, obviously, concerns any adverse effects the plaintiff might suffer if the default is set aside.

## II. Analysis.

The motion filed by Third-Party Defendant Ortiz attempts to show that her failure to respond to the complaint resulted from excusable neglect, but it does not address the second or third factors required to set aside a default. Plaintiff's response to the motion addressed each of these factors and the relevant Ninth Circuit law (Doc. 37), but Ortiz never filed a reply. Because Ortiz bears the burden of showing that the second and third factors are satisfied, *TCI Group*, 244 F.3d at 696, and has not done so, the motion will be denied.

The Court also notes that the facts recited in Ortiz's motion show that her counsel had notice of the filing of the third-party complaint – knowledge attributable to Ortiz – and yet failed to file a timely response. "If a defendant 'has received . . . notice of the filing of the action and failed to answer,' its conduct is culpable." *Franchise Holding II, LLC*, 375 F.3d at 926. Thus, the first factor has not been satisfied.

**IT IS ORDERED** that Third-Party Defendant Angelica Oritz's motion to set aside default (Doc. 36) is **denied**.

DATED this 15th day of September, 2010.

*David G. Campbell*
United States District Judge